FILED
JUL 10 2013
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

DBS, INC.,

**Plaintiff,**

v.     Civil Case No.: 2:13cv312

SELECTIVE WAY INSURANCE CO.,

**Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand, Doc. 8, and Defendant's Motion to Amend/Correct Notice of Removal, Doc. 16. After examining the Motions and the associated briefs, the Court finds that oral argument is unnecessary because all facts and legal contentions are adequately presented and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons explained herein, the Court **GRANTS** Defendant's Motion to Amend, Doc. 16, and **DENIES** Plaintiff's Motion to Remand, Doc. 8.

### I. BACKGROUND

Plaintiff DBS, Inc. ("Plaintiff") filed this case in the Circuit Court for the City of Norfolk, Virginia, against Defendant Selective Way Insurance Co. ("Defendant") seeking to collect on an insurance policy issued by Defendant. Defendant was served with the complaint on 16 May 2013 and filed its notice of removal, Doc. 1, on 4 June 2013. On 18 June 2013, Plaintiff moved to remand this action. Docs. 8, 9. On 20 June 2013, Defendant filed a memorandum in opposition, Doc.15, to Plaintiff's Motion to Remand and filed a Motion to Amend/Correct notice of removal, Docs. 16, 17. On 24 June 2013, Plaintiff filed a reply in support, Doc. 21, of its Motion to Remand and filed a memorandum in opposition, Doc. 22, to Defendant's Motion to Remand.

1

Finally, Defendant replied in support of its Motion to Amend on 27 June 2013. Doc. 27. Both parties requested a hearing on their motions. Docs. 23, 24. Because the Court has determined that oral argument is not necessary, the matter is now ready for adjudication.

## II. LEGAL STANDARDS

Federal law allows a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To effectuate removal, the defendant must file "a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1446(a). "[T]he party seeking removal bears the burden of establishing federal jurisdiction." Id. Additionally, "when diversity of citizenship is a basis of removal jurisdiction, it must exist both at the time the original action is filed in the state court and at the time the removal is sought." Hubbard v. Tripp, 611 F. Supp. 895, 896 (E.D. Va. 1985) (quoting 14A Charles Alan Wright et al., Federal Practice and Procedure, Jurisdiction 2d § 3723 (1985)) (internal quotation marks omitted). Further, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C.A. § 1332(c)(1).

Accordingly, properly alleging the citizenship of a corporation for purposes of removal requires alleging four temporally and geographically distinct facts: the corporation's (1) state of incorporation and (2) principal place of business at the time of filing of the complaint and the corporation's (3) state of incorporation and (4) principal place of business at the time of filing the notice of removal.

## III. ANALYSIS

There are two issues before the Court: (1) whether Defendant sufficiently alleges its citizenship for purposes of diversity jurisdiction; and (2) if not, whether Defendant's notice of removal may be amended outside of the thirty (30) day window for removing.

### 1. Sufficiency of Allegations of Jurisdiction

Plaintiff argues that Defendant insufficiently alleged its citizenship in its notice of removal because the notice omits Defendant's principal place of business at the time the complaint was filed. The notice of removal states the following with regard to Defendant's citizenship:

> At the time this action began, the defendant Selective Way Insurance Company was, and still remains incorporated in the State of New Jersey and has its principal place of business in New Jersey.

Doc. 1. At first glance, it appears that Defendant referred to its principal place of business only in the present tense. However, Defendant argues that the clause is dependent on the introductory clause—"At the time this action began"—and so its principal place of business is alleged at both relevant times. Doc. 15. Plaintiff insists that the clause "and has its principal place of business in New Jersey" is independent of the introductory clause and, since it is in the present tense, only states Defendant's principal place of business at the time the notice of removal was filed. Doc. 21 at 3.

The Court must take "into account rules of grammar" when interpreting legal documents. See Miller's Apple Valley Chevrolet Olds-Geo, Inc. v. Goodwin, 177 F.3d 232, 234 (4th Cir. 1999) (discussing the same in the context of statutory interpretation). Grammar matters. The Court cannot permit a party to mean something without actually saying it; otherwise, poor writing could serve as cover for missing facts. Here, as Plaintiff points out, there is no past-tense

3

word or clause that modifies Defendant's principal place of business. Doc. 27 at 3. Instead, while referring to its principal place of business with a present-tense verb indicating possession, "has," the only past-tense modifier in the sentence is the state-of-being verb "was." Reading "was" to also refer to Defendant's principal place of business results in an improperly constructed phrase—"[a]t the time this action began, the defendant . . . was . . . its principal place of business in New Jersey."[1] Nonetheless, the introductory clause does appear to apply to the whole sentence. The fact that "and still remains" is not set off with commas as a parenthetical, but rather the whole present-tense phrase—"and still remains incorporated in the State of New Jersey and has its principal place of business in New Jersey"—is separated from the entirely past-tense introduction—"at the time this action began, the defendant Selective Way Insurance Company was"—by a comma after "was," indicates that the introductory clause and the word "was" was intended to apply, however incorrectly, to both facts of citizenship.[2]

Ultimately, the grammar Defendant used in its allegations makes it unclear whether it meant to communicate that New Jersey was its principal place of business only at the time the notice of removal was filed or also at the time the complaint was filed. Because a removing corporation bears the burden of alleging both its state of incorporation and its principal place of business both at the time the complaint was filed and at the time the notice of removal was filed, Defendant's grammatically unclear allegation of diversity jurisdiction "fails to negate the possibility that diversity does not exist." Contreras v. Thor Norfolk Hotel, L.L.C., 292 F. Supp. 2d 794, 797 (E.D. Va. 2003) (citing Baer v. United Services Auto. Ass'n, 503 F.2d 393, 397 (2d Cir.1974)). Accordingly, Defendant's allegation of its citizenship is insufficient.

---

[1] Effectively, Defendant implies that what it meant was "At the time this action began, the defendant Selective Way Insurance Company was, and still remains[,] incorporated in the State of New Jersey and [had, and still] has[,] its principal place of business in New Jersey." Or it could be phrased, "had and continues to have," as Defendant does in its proposed amendment. Doc. 16, Ex. 1 ¶ 3. However, what Defendant actually wrote is not so clear.

[2] It is worth noting that Plaintiff, in its only full block-quote of the language, misquotes the notice of removal by adding a comma to make "and still remains" parenthetical. Doc. 21 at 3.

4

## 2. Amendment of Allegations of Jurisdiction

Defendant argues that, even if its allegations of its citizenship were insufficient, Defendant should be permitted to amend its notice of removal to effect "a change in verbiage." Doc. 17 at 3.[3] "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "§ 1653 . . . allows [] courts to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832 (1989) (holding that § 1653 did not permit an amendment to dismiss a party to create complete diversity). Here, there is no argument that the parties are not completely diverse or lacking in any other jurisdictional fact. The only issue as to jurisdiction is Defendant's insufficient allegations of one jurisdictional fact. Accordingly, for purposes of § 1653, the allegations are defective and susceptible to amendment. However, in applying § 1653 in the context of amending a notice of removal after 28 U.S.C. § 1446(b)'s thirty-day window for removal has elapsed, this Court has developed a split of authority. See SunTrust Bank v. Vill. at Fair Oaks Owner, LLC, 766 F. Supp. 2d 686, 690 (E.D. Va. 2011). Some decisions have followed a strict approach only allowing the correction of "imperfectly stated" allegations, not the addition of new or supplemental allegations. Id. at 691 (collection decisions); see also Iceland Seafood Corp. v. Nat'l Consumer Co-op. Bank, 285 F. Supp. 2d 719, 726 (2003) (denying an amendment seeking to supply a missing allegation). Other decisions have followed a more liberal approach that allows adding supplemental allegations. SunTrust Bank, 733 F. Supp. 2d at 690 (collecting cases); see also Muhlenbeck, 304 F. Supp. 2d 797, 800 (E.D. Va. 2004) (applying a more liberal approach in permitting the addition of allegations of LLC member's citizenship in the place of a corporate citizenship designation, but still indicating that amendments adding allegations that were "missing entirely" or that "material[ly] and substantial[ly]" changed the

---

[3] Apart from the one defect discussed supra, Defendant has adequately alleged diversity jurisdiction.

notice of removal would be denied). In an unpublished opinion, arguably in dicta, the Fourth Circuit indicated that it preferred the liberal approach—permitting supplemental allegations to cure a defective general allegation of diversity jurisdiction. Nutter v. New Rents, Inc., 945 F.2d 398, at *2 (4th Cir. 1991) (unpublished table decision).[4]

Here, the Court has found Defendant's allegations of jurisdiction to be insufficient because they are unclear grammatically. The insufficiency of these allegations is best seen as an "imperfect statement" of presently undisputed jurisdictional facts rather than an omission. Accordingly, even under the "strict" approach, permitting amendment would be within the Court's discretion. If the Court were to militantly apply the rules of grammar to conclude that the best reading of Defendant's allegations was an omission of its principal place of business at the time the complaint was filed, the Court would still be inclined to find amendment permissible. The Court agrees that "[b]ecause of the 'significant federalism concerns implicated' by the removal of an action from state court, federal courts must strictly construe removal statutes." Herod v. Fisher & Son Co., Inc., 3:12CV712, 2012 WL 5729106 (E.D. Va. Nov. 15, 2012) (citing Lontz v. Tharp, 413 F.3d 435, 440 (4th Cir.2005)). Nonetheless, where the defendant has removed within the time permitted by the removal statute, continues to rely on the same basis of jurisdiction, and merely seeks to correct allegations of facts, the truth of which are not in dispute, the concerns of federalism are not as pronounced. Though unpublished, the Fourth Circuit's handling of the matter is especially persuasive. There, a removing defendant forgot entirely to allege its principal place of business. Nutter v. New Rents, Inc., 945 F.2d 398, at *2. Nonetheless, the Defendant had removed in time and alleged its state of incorporation, was continuing to rely on diversity of citizenship as the basis of federal jurisdiction, and merely sought to add an allegation of its principal place of business. Under those circumstances the

---

[4] The Fourth Circuit alternatively held that the objections to the amendment were waived. Id.

Fourth Circuit held that amendment was permissible. Id. That is nigh exactly similar to the case here, and so this Court is persuaded to find amendment permissible. Accordingly, the Court exercises its discretion to grant defendant leave to amend the notice of removal.

## IV. CONCLUSION

For the reasons explained above, Defendant's Motion to Amend/Correct Notice of Removal, Doc. 16, is **GRANTED** and Plaintiff's Motion to Remand, Doc. 8, is **DENIED**.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
Date: July 3, 2013